# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5486 | **DATE** | October 25, 2012 |
| **CASE TITLE** | *Reiff v. Calumet City* | | |

**DOCKET ENTRY TEXT:**

Mr. Casson's objections [178] to the magistrate judge's September 14, 2012, R&R are overruled. The court adopts the R&R in full, grants the defendants' motion for fees and costs [159], and directs Mr. Casson to personally pay $5,355 in fees and $25 in costs to the defendants within twenty-one days after this order is docketed.

■[ For further details see text below.]

## STATEMENT

On June 21, 2012, this court adopted the magistrate judge's report and recommendation ("R&R") dated May 29, 2012. In its June 21st order, the court, among other things, noted that the plaintiff had not filed objections to the R&R, ordered plaintiff's counsel Luke Casson to pay reasonable costs and fees to the defendants associated with their motions to strike and for sanctions, and directed the magistrate judge to address the amount of costs and fees in the first instance. Familiarity with the June 21st order is assumed for purposes of this order.

The defendants subsequently requested over $15,000 in costs and fees. On September 14, 2012, the magistrate judge recommended that plaintiff's counsel personally pay $5,355 in fees and $25 in costs. Objections filed by the plaintiff's counsel and the defendants' response are presently before the court.

The parties do not address the standard of review. The court declines to delve into this issue on its own. *See Herbst v. O'Malley*, No. 84 C 5602, 1995 WL 55252, at *2 (N.D. Ill. Feb. 8, 1995) (clearly erroneous or de novo review may apply to R&Rs addressing fees), *aff'd sub.nom. Herbst v. Ryan*, 90 F.3d 1300 (7th Cir. 1996). Thus, the court will view the R&R using the more stringent de novo standard of review.

(continued)

| | |
|---|---|
| Courtroom Deputy Initials: | TCP/c |

## STATEMENT

The court first notes that most of Mr. Casson's objections center around the decision to award costs and fees in the first place. According to Mr. Casson, the amount of recommended costs and fees is disproportionately severe given what counsel characterizes as his innocuous, reasonable actions. This argument is too little, too late, as Mr. Casson did not object to the original R&R awarding costs and fees. *See* Fed. R. Civ. P. 72(b). Accordingly, the court will focus on the only issue properly before it: the amount that counsel must pay.

Mr. Casson's specific arguments about the amount of the sanction begin and end on page nine of his objections. Dkt. 178. Counsel generally contends that the fees are excessive and then argues that the time defendants' counsel spent on the motion to strike was unreasonable. For example, Mr. Casson claims that it is facially unreasonable to spend three hours preparing for a hearing on a motion that took less than 30 minutes of court time, especially when the motion was denied in part, or to spend 8.25 hours to prepare a five page supporting reply memorandum. With respect to costs, Mr. Casson contends that the R&R does not explain why he must pay a $25 charge for delivery of a FedEx package.

The court has carefully reviewed the materials that the parties presented to the magistrate judge, as well as her R&R, which attaches an eight-page chart containing a ruling on each and every time entry submitted by the defendants. Mr. Casson's general objections to portions of the time awarded by the magistrate judge are unconvincing. Counsel appears to expect the court to agree that certain time approved by the magistrate judge is excessive based on his ipse dixit. The court, however, finds that the magistrate judge carefully considered the defendants' fee requests and properly trimmed them where necessary. No useful purpose would be served by reiterating her rulings in this order. Accordingly, in an exercise of its discretion, the court finds that the greatly reduced time approved by the magistrate judge was reasonable, necessary, and amply supported by the record. Counsel's objections are, therefore, overruled.

This leaves Mr. Casson's objection to $25 in costs. This charge was for delivery of a courtesy copy to the magistrate judge, as required by her standing order. Mr. Casson has not pointed to any authority suggesting that this delivery charge is not taxable. Accordingly, the objection to the $25 charge is overrruled.

In sum, for the above reasons, Mr. Casson's objections [178] are overruled. The court adopts the magistrate judge's September 14, 2012, R&R in full, grants the defendants' motion for fees and costs [159], and directs Mr. Casson to personally pay $5,355 in fees and $25 in costs to the defendants within twenty-one days after this order is docketed.